**PATTON BOGGS LLP**
**D. Patrick Long, Texas Bar No. 12155500**
**Jennifer L. Keefe, Texas Bar No. 90001247**
**J. Thomas Gilbert, California Bar No. 183362**
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Telephone: 214.758.1500
Facsimile: 214.758.1550

Attorneys for Plaintiffs
UPAID SYSTEMS, LTD. and STAAS & HALSEY, LLP

FILED

08 JUN 24 AM 10: 28

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ CF

DEPUTY

FAXED

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UPAID SYSTEMS, LTD,
A British Virgin Island corporation,

        Plaintiff,

v.

SATYAM COMPUTER SERVICES, LTD.,
an Indian corporation, and RAGHURAM
GOVIDACHARYULA,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

UPAID SYSTEMS, LTD'S MOTION TO
QUASH, OR IN THE ALTERNATIVE,
MODIFY SUBPOENA, BRIEF IN SUPPORT
AND REQUEST FOR PROTECTIVE
ORDER

Civil Action No. **'08 CV 1121 WQH RBB**

*Pending in the United States District Court for the
Eastern District of Texas
Civil Action No 2-07-CV-114-CE

COMES NOW Plaintiff Upaid Systems, Ltd. ("Upaid" or "Movant"), pursuant to Federal Rules of Civil Procedure 26(c) and 45(c), and files this Motion to Quash the Subpoena (the "Subpoena") issued on or about June 9, 2008 by Defendant Satyam Computer Services, Ltd. ("Satyam") to Qualcomm, or in the alternative, Motion to Modify Subpoena, Brief in Support and Request for Protective Order. Under Federal Rule of Civil Procedure 45(c)(3), the Movant has standing to challenge the Subpoena because it affects its personal rights and privileges with respect to the materials subpoenaed.

## I.
## PRELIMINARY STATEMENT

Movant seeks to quash the Subpoena served upon Qualcomm, on behalf of Satyam, on or

MOTION TO QUASH, OR IN THE ALTERNATIVE, MODIFY SUBPOENA, BRIEF IN SUPPORT AND
REQUEST FOR PROTECTIVE ORDER

480653

about June 9, 2008, requesting that responsive documents be made available for production by July 8, 2008 and that a corporate representative appear for a related deposition on August 26, 2008. Because the Subpoena is unduly burdensome, overly broad, cumulative, irrelevant and confidential information, Movant requests that the Court quash the Subpoena.  Federal Rule of Civil Procedure 45 protects a third party from subpoenas that impose an undue burden or require disclosure of confidential information.[1] Fed. R. Civ. P. 45(c)(C)(A)-(B).

## II.
## FACTUAL BACKGROUND

Upaid initiated this suit against Satyam on April 4, 2007 in the Eastern District of Texas. In June 2007, Satyam filed suit against Upaid in England seeking an injunction that would prevent Upaid from proceeding with that lawsuit ("the English Proceeding").  On July 16, 2007, Satyam filed a Motion to Dismiss or Stay Upaid's Amended Complaint ("Motion to Dismiss or Stay") in the Eastern District.  The English Proceeding went to trial on December 17-20, 2007 on the following issues:

(1) Whether any (and if so which) of Upaid's claims in the Texas proceedings have been finally compromised by Clauses 2.3 and 2.4 of the Settlement Agreement effective as of 31 December 2002?

(2) Whether any (and if so which) of Upaid's claims fall within the scope of the English jurisdiction clause contained in Clause 4 (c) of the Settlement Agreement?

(3) Whether Satyam is entitled to a final injunction as claimed in the Particulars of Claim?

---

[1] On May 20, 2008, Counsel for Upaid agreed to enter into a Protective Order with Counsel for Satyam as it relates to all document production in this lawsuit.  Although promised by Satyam, no draft has yet been received by Upaid.

MOTION TO QUASH, OR IN THE ALTERNATIVE, MODIFY SUBPOENA, BRIEF IN SUPPORT AND
REQUEST FOR PROTECTIVE ORDER

480653

The English Court entered its Judgment on January 17, 2008 in favor of Upaid. Satyam then appealed, and the English Court of Appeals entered its Judgment on May 9, 2008.

Satyam lost on all issues at the trial court level and on the appeal. In addition, the court of appeals held that no injunction of the Texas proceeding was necessary. Since losing its appeal, Satyam's counsel has issued several similar subpoenas in the past two weeks, all of which are overly-broad, unduly burdensome and seek production of confidential information. A copy of the subpoena that was served on Qualcomm is attached as Exhibit A and incorporated herein for all purposes by reference.

### III.
### ARGUMENTS & AUTHORITIES

**A.     The Subpoena calls for confidential information with respect to which Upaid**

**has rights and privileges.**

Federal Rule of Civil Procedure 45 protects a third party from subpoenas that require disclosure of confidential information. Fed. R. Civ. P. 45(c)(1), (3)(A)-(B). The Subpoena seeks confidential information about settlement negotiations and mediation admissions relating to an entirely different lawsuit. Specifically, the Subpoena seeks:

- All Communications or Documents relating to the settlement or potential settlement of the Action, including: (1) settlement negotiations, (2) mediation submissions or proceedings, if any, (3) Verizon's decision to enter into the settlement agreement, (4) Upaid's decision to enter into the settlement agreement, and (5) the settlement agreement.

Any information relating to the settlement (or potential settlement) negotiations between Qualcomm and Upaid, including mediation admissions and either party's decision to enter into settlement, are confidential and will not lead to the discovery of admissible evidence. *See* Fed.

3

R. Evid. 408 (evidence of settlement negotiations are not admissible).   Thus, the Subpoena should be quashed because it calls for confidential information that will not lead to the discovery of admissible evidence, and it is therefore unduly burdensome to Upaid and Qualcomm.  Further, Satyam has not shown how such confidential information is required for its defense against the causes of action presented in the Second Amended Complaint.  Alternatively, the Court should modify the Subpoena to exclude any such request.

**B.      The Subpoena is unduly burdensome.**

The Subpoena is unduly burdensome because it is overbroad, cumulative and calls for confidential information.  The Subpoena also calls for documents and information that are not relevant to the issues in this lawsuit.  Some of the requested information, such as pleadings from the Qualcomm lawsuit, can easily be obtained from public sources.  Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv), the Court must quash a subpoena if it imposes an undue burden on the responding party.  Concern for the burden thrust upon non-parties is a factor entitled to special weight in evaluating the burden on the parties, and the Court by which a subpoena is issued "shall quash or modify the subpoena if it ... subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A); *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Inc.*, 333 F.3d 38, 41 (1st Cir. 2003) (finding a significant burden where a nonparty subpoena "encompassed a decade's worth of material in that it asked for 'all documents received, reviewed or generated' by the non-party relating to 'any type of business affiliation' with [a named party]"); *Church of Scientology of Boston v. IRS*, 138 F.R.D. 9, 10 (D. Mass 1990) ("[A] court that issues a subpoena has the inherent power to vacate it.").

Federal Rule of Civil Procedure 26(c) authorizes this court upon motion by a party or by the person from whom discovery is sought, and for good cause shown, to enter a protective order

4

prohibiting or limiting discovery or ordering that discovery be had only on specified terms and conditions. Fed. R. Civ. P. 26(c).  A protective order is appropriate when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

Additionally, Federal Rule of Civil Procedure 45, which governs the use of subpoenas, requires a party or an attorney responsible for the issuance and service of a subpoena to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).  Rule 45 further provides that a court "must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies, or ... subjects a person to undue burden." Fed. R. Civ. P. 45(c )(3) (A).

Whether a burdensome subpoena is reasonable must be determined according to the facts of each case, such as the party's need for the documents and the nature and importance of the litigation.  To determine whether the subpoena presents and undue burden, courts consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested document and (6) the burden imposed.  Further, if the person to whom the document request is made is a non-party the court may also consider the expressed inconvenience to the non-party.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  As a matter of law, "[u]ndue burden can be found when a subpoena is facially overbroad." *Willams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D. Tex. 1998).

The Subpoena is exceptionally broad in scope and Satyam did not make reasonable efforts to avoid imposing an undue burden or expense.  Specifically, Satyam is requesting that

MOTION TO QUASH, OR IN THE ALTERNATIVE, MODIFY SUBPOENA, BRIEF IN SUPPORT AND
REQUEST FOR PROTECTIVE ORDER

480653

Qualcomm produce thousands of documents by July 8, 2008 without affording Upaid the opportunity to review any potentially confidential documents from the Settlement negotiations participated in by Upaid. The Subpoena includes twenty-three document requests that include "all Communications or Documents that relate to Satyam" and all pleadings, all transcripts and exhibits of all depositions, all documents produced therein, and any and all settlement negotiations and mediation submissions or proceedings from the Qualcomm case. Specifically, Satyam requests:

- All Communications or Documents relating to Upaid's claims in the Action;

- All Documents that were produced to or served upon Upaid during the discovery phase of the Action, including expert discovery such as expert reports and supporting documentation;

- All transcripts and exhibits of all depositions taken in the Action;

- All pleadings in the Action;

- All Communications with Upaid or its counsel at any time; and

- All Communications or Documents, including filings, with the United States Patent and Trademark Office relating to the '947, '316 and 632 Patents.

As shown above and in the attached Subpoena, the Subpoena should be quashed because it imposes an entirely undue burden on Qualcomm. Not only does the subpoena call for production of thousands of documents within a short and unreasonable time frame, but it is overbroad, cumulative and calls for documents (and information) that are simply not relevant to the issues in this lawsuit or are available from other public sources (such as Pacer or the Patent office on-line system). It further imposes an undue burden on Upaid and Qualcomm because it requests confidential settlement information and documents that are protected by privilege (as

6

480653

1    more fully described above).  Satyam has not indicated that production from Upaid in this matter

2    or public sources does not include the sufficient responsive documents it may need for its

3    defense in this suit.  Thus, the Subpoena amounts to nothing more than an undue burden on and

4    harassment of Qualcomm, with little, if any, countervailing benefit to Satyam and should

5    therefore be quashed.  Alternatively, the Subpoena should be modified and/or limited to request

6

7    information that is relevant to the issues in this lawsuit.

8                                      **IV.**
                                **CONCLUSION**

9

10         For each and all of the foregoing reasons, Upaid moves for a protective order under Rule

11   26(c) quashing the June 9, 2008 subpoena issued by Satyam to Qualcomm.  Additionally, Upaid

12   moves the Court to quash the June 9, 2008 subpoena to Qualcomm under Rule 45(c)(3).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO QUASH, OR IN THE ALTERNATIVE, MODIFY SUBPOENA, BRIEF IN SUPPORT AND
REQUEST FOR PROTECTIVE ORDER

480653

Dated: June 23, 2008

Respectfully submitted,

PATTON BOGGS LLP

D. Patrick Long
Texas State Bar No. 12155500
dlong@pattonboggs.com
Jennifer L. Keefe
Texas State Bar No. 90001247
jkeefe@pattonboggs.com
J. Thomas Gilbert
California State Bar No. 183362
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Telephone:  214.758.1500
Facsimile:   214.758-1550

Guy N. Harrison
State Bar No. 00000077
217 N. Center Street
Longview, Texas 75601
Telephone:  903-758-7361
Facsimile:   903.753-9557

ATTORNEYS FOR PLAINTIFF
UPAID SYSTEMS, LTD. AND
STAAS & HALSEY, LLP

OF COUNSEL:
John J. Feldhaus
Andrew E. Rawlins
Foley & Lardner LLP
Suite 500, Washington Harbour
3000 K Street, N.W.
Washington, DC 20007-5109
(202) 672-5300 (telephone)
(202) 672-5399 (facsimile)

8

MOTION TO QUASH, OR IN THE ALTERNATIVE, MODIFY SUBPOENA, BRIEF IN SUPPORT AND
REQUEST FOR PROTECTIVE ORDER

480653

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that she conferenced with counsel of record on June 23, 2008 and he does not agree with the relief set forth in this motion.

Jennifer L. Keefe

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via certified mail on June 23, 2008.

J. Thomas Gilbert

9

**Issued by the**
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UPAID SYSTEMS, LTD.,**<br> a British Virgin Islands corporation<br><br>**Plaintiff,**<br><br>v.<br><br>**SATYAM COMPUTER SERVICES, LTD.,**<br> an Indian corporation, and **RAGHURAM**<br> **GOVINDACHARYULA,**<br><br>**Defendants.** | **SUBPOENA IN A CIVIL CASE**<br><br>**Case Nos. 2-07-CV-114-CE\***<br><br>\*Pending in United States District Court for<br>the Eastern District of Texas |

To:     **Qualcomm**
        **5775 Morehouse Drive**
        **San Diego, CA 92121**

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics identified in Schedule A. The deposition will be recorded stenographically and by sound and visual recording.

| PLACE OF DEPOSITION<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>c/o Veritext<br>402 West Broadway, Suite 1910<br>San Diego, CA 92010 | DATE AND TIME<br>Tuesday, August 26, 2008 at 9 a.m. |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the documents and objects described in Schedule B at the place, date, and time specified below:

| AKIN GUMP STRAUSS HAUER & FELD LLP<br>c/o Veritext<br>402 West Broadway, Suite 1910<br>San Diego, CA 92010 | Tuesday, July 8, 2008 at 9 a.m. |
|---|---|

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (Indicate if attorney for Plaintiff or Defendant) | DATE |
|---|---|
| | June 5, 2008 |

**EXHIBIT**

*A*

| Attorney for Defendant Satyam Computer Services, Ltd. | |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

Sanford E. Warren, Esq.

Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, TX  75201-4675  (214) 969-2877

(See Rule 45, Federal Rules of Civil Procedure, Parts C, D & E on Next Page)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

|  |  |
|---|---|
| DATE | SIGNATURE OF SERVER |

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e) as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue

hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEPOSITION TOPICS

This Subpoena names as the deponent a private corporation or partnership or association. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Qualcomm is required to identify and produce for deposition one or more officers, directors, managing agents, or other agents and employees to testify on its behalf, who are most knowledgeable as to the following matters known and reasonably available to Qualcomm:

(1) the Action, including, but not limited to, Qualcomm's and Verizon Wireless's defenses against Upaid's claim for infringement of the '947, '316 and '632 Patents;

(2) Verizon Wireless's decision to enter the Settlement Agreement, the Patent Purchase Agreement, and the Patent Assignment;

(3) Qualcomm's decision to file the Joint Motion to Dismiss;

(4) the value ascribed to the patent rights that were transferred pursuant to the Patent Purchase Agreement and the Patent Assignment;

(5) the Patent Purchase Agreement, including all prior drafts of that Agreement, and communications between Verizon Wireless and Mambakkam relating in any way to the Patent Purchase Agreement;

(6) the Mambakkam Declaration, including all prior drafts of the Declaration, and communications between Verizon Wireless and Mambakkam relating in any way to the Declaration;

(7) Verizon Wireless' offer of employment to Mambakkam, including Verizon Wireless' payment and/or reimbursement of Mambakkam's relocation expenses, and Verizon Wireless' decision to offer Mambakkam a "welcome home" package and any other payments made to him;

(8) the Govind Declaration, including all prior drafts of the Declaration, and communications between Verizon Wireless and Govind relating in any way to the Declaration;

(9) the alleged forgeries of the signatures of Mambakkam, Govind, or any other Satyam employee or former employee on documents relating to the '947, '316 and '632 Patents; and

(10) the circumstances surrounding and consequences of the August 15, 2006 Letter.

You are requested to provide to the undersigned counsel for Satyam a written designation of the name(s) and employment title(s) of the person(s) designated to testify on its behalf. Such written designation is requested at least two weeks before the first deposition scheduled as a result of this Subpoena.

## SCHEDULE B

## DEFINITIONS

1. The "Action" shall mean the matter styled *Upaid Systems, Ltd. v. QUALCOMM Incorporated and Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:05-CV-346 (LED) formerly pending in the United States District Court for the Eastern District of Texas.

2. "Qualcomm," "You" or "Your" shall mean and include QUALCOMM Incorporated and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

3. "Verizon Wireless" shall mean and include Cellco Partnership d/b/a Verizon Wireless and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

4. "Satyam" shall mean and include any of the following entities, either individually or collectively: Satyam Computer Services, Ltd. and any affiliated entities or predecessors-in-interest.

5. "Upaid" shall mean and include any of the following entities, either individually or collectively: Upaid Systems, Ltd. and any affiliated entities or predecessors-in-interest.

6. "Settlement Agreement" shall mean the agreement entered into on April 3, 2007, by and between Cellco Partnership d/b/a Verizon Wireless and Upaid.

7. "Joint Motion to Dismiss" shall mean the Joint Motion to Dismiss with Prejudice filed in the Action by attorneys for Qualcomm, Verizon Wireless and Upaid on April 3, 2007.

8. "'947 Patent" shall mean U.S. Patent No. 6,320,947 which was filed on September 14, 1999 and asserted in the Action.

9. "'316 Patent" shall mean U.S. Patent No. 6,381,316 which was filed on April 3, 2002 and is claimed to be a continuation of the '947 Patent.

10. "'632 Patent" shall mean U.S. Patent No. 6,714,632 which was filed on May 9, 2001 and asserted in the Action.

11. "Mambakkam" shall mean Ramkumar Mambakkam, a former Satyam employee and an inventor of the '947 and '632 Patents.

12. "Govind" shall mean Raghuram Govindacharyula, a former Satyam employee and an inventor of the '947 and '632 Patents.

13. "Patent Purchase Agreement" shall mean the agreement entered into by Verizon Wireless and Mambakkam on November 29, 2006, pursuant to which Mambakkam sold his interest in the '947 and '632 Patents to Verizon Wireless.

14. "Patent Assignment" shall mean the agreement entered into by Verizon Wireless and Upaid, pursuant to which Verizon Wireless sold its interest in the '947 and '632 Patents to Upaid.

15. "Mambakkam Declaration" shall mean the declaration executed by Mambakkam and filed on March 7, 2007 in this Action.

16. "Govind Declaration" shall mean the declaration executed by Govind and filed on March 7, 2007 in this Action.

17. "August 15, 2006 Letter" shall mean the letter sent by Upaid's lawyer Mr. John Feldhaus of Foley & Lardner LLP to Qualcomm's lawyer Mr. Stephen Swinton of Latham & Watkins offering to dismiss Upaid's claims against Qualcomm in the Action.

18. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

19. The term "communication" means any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile or telex.

20. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the 'subject matter discussed. Requests for documents "relating to" or "in relation to" any subject matter include Communications regarding that subject matter. Requests for documents "relating to" or "in relation to" any person or entity include Communications regarding that person or entity, as well as Communications with that person or entity.

21. "Person" includes a natural person or any business, legal, or government entity or association.

22. "Identify," when used in reference to:

   a. a natural person, shall mean to state the person's full name, present or last-known home address and telephone number, present or last-known job title, employment address and telephone number.

   b. any other person, shall mean to state the person's full name and present or last known-address (designating which); and

4

c. a document, shall mean to describe the document by date, author(s), addressee(s), recipient(s), title and general subject matter and content.

**Instructions**

A.    The preceding definitions, and any applicable Federal Rules of Civil Procedure, apply to these instructions and each of the requests.

B.    These requests are to be considered continuing in nature and require you to supplement your responses to the fullest extent required by any applicable law or rule.

C.    You are required to obtain and furnish all information available to you and to any of your attorneys, representatives, agents, employees, or accountants, and to obtain and furnish all information that is in your actual or constructive possession, custody, or control, or in the actual or constructive possession, custody, or control of any of your attorneys, representatives, agents, employees, or accountants.

D.    All phrases following the terms "including without limitation" are intended to illustrate the kinds of documents responsive to the request. Such examples are not intended to be exhaustive of the documents sought and shall not be read to limit the scope of the request.

E.    References to the singular include the plural, and references to the plural include the singular to construe the requests in their broadest permissible form.

F.    The masculine form of a noun or pronoun includes the feminine form and the feminine form of a noun or pronoun includes the masculine form to construe the requests in their broadest permissible form.

G.    Each paragraph and subparagraph herein shall be construed independently and not with reference to any other paragraph or subparagraph for the purposes of limitation.

H.    In the event that any information or document is withheld or not identified under a claim of privilege, immunity, or otherwise, identify each such document and state:

5

     i.     the nature of the privilege asserted;

     ii.     the identity of the attorney with respect to whom the privilege is claimed;

     iii.     the basis for claiming the privilege as to the specific information;

     iv.     in the event any privilege is claimed with respect to a document requested or requested to be identified, set forth in writing a statement identifying each such document by author, addressee, persons to whom copies were furnished, and date together with a description of the subject matter of each such document;

     v.     if any privilege is claimed with respect to any information, identify each person who has had knowledge of such information, and to whom such information has been communicated in any way, at any time.

I.     If any portion of any document is responsive, the entire document shall be produced. Moreover, if only a part of a document is protected by any privilege, the document shall be produced with only the privileged matter redacted.

J.     Documents shall be produced in the order in which they are found in a person's files and shall not be rearranged. Documents that are found stapled, clipped or otherwise fastened together shall be produced in such form. Moreover, if the documents are kept in a file with a file label, a copy of that label shall be produced together with the documents in the file.

K.     If any document responsive to these requests once existed, but has been destroyed, discarded, or is otherwise not capable of being produced, furnish a list specifying each such document, why such document is not capable of being produced and setting forth the date of the document, a description of the document, the name and address of each person who prepared and received the document, the date and manner of disposal of the document and persons currently in possession or likely to be in possession of copies of the document.

6

L.      Unless otherwise specified, this request for documents shall include the period

beginning July 29, 2005 through the date on which the answers in response hereto are made.


### REQUESTED DOCUMENTS

**REQUEST NO. 1:**

All Communications or Documents relating to Upaid's claims in the Action.

**REQUEST NO. 2:**

All Communications or Documents relating to the August 15, 2006 Letter.

**REQUEST NO. 3:**

All Communications or Documents relating to Mambakkam and Govind, including without limitation Upaid's allegation that their signatures on documents relating to the '947, '316 and '632 Patents were forged.

**REQUEST NO. 4:**

All Communications or Documents that relate to Satyam.

**REQUEST NO. 5:**

All Communications or Documents relating to any current or former Satyam employee, including witness statements, memoranda, handwritten notes, or audio or video recordings.

**REQUEST NO. 6:**

All Documents that were produced to or served upon Upaid during the discovery phase of the Action, including expert discovery such as expert reports and supporting documentation.

**REQUEST NO. 7:**

All transcripts and exhibits of all depositions taken in the Action.

**REQUEST NO. 8:**

All pleadings in the Action.

**REQUEST NO. 9:**

All Communications or Documents relating to the settlement or potential settlement of the Action, including: (1) settlement negotiations, (2) mediation submissions or proceedings, if

any, (3) Verizon's decision to enter into the Settlement Agreement, (4) Upaid's decision to enter into the Settlement Agreement, and (5) the Settlement Agreement.

**REQUEST NO. 10:**

All Communications or Documents relating to: (1) Qualcomm's decision to file the Joint Motion to Dismiss; and (2) the Joint Motion to Dismiss.

**REQUEST NO. 11:**

All Communications or Documents relating to the Patent Purchase Agreement or Patent Assignment.

**REQUEST NO. 12:**

All Communications with Upaid or its counsel at any time.

**REQUEST NO. 13:**

All Communications or Documents relating to the value, if any, ascribed to the patent rights that were transferred pursuant to the Patent Purchase Agreement and the Patent Assignment.

**REQUEST NO. 14:**

All Communications or Documents reviewed and/or used by the 30(b)(6) witness designated on Your behalf to prepare for the 30(b)(6) deposition.

**REQUEST NO. 15:**

All Communications or Documents relating to (1) the value of the '947, '316 and '632 Patents and (2) actual or potential damages for Upaid's infringement claims, if any.

**REQUEST NO. 16:**

All Communications or Documents, including filings, with the United States Patent and Trademark Office relating to the '947, '316 and '632 Patents.

**REQUEST NO. 17:**

Demand letters or other correspondence with third parties asserting infringement of the '947, '316 and '632 Patents.

**REQUEST NO. 18:**

All Communications or Documents sufficient to describe in detail Your technology which Upaid alleged to be infringing in the Action.

8

**REQUEST NO. 19:**

All Communications or Documents that support Your contention in the Action that Your technology did not infringe Upaid's patents.

**REQUEST NO. 20:**

All Communications or Documents relating to any valuation of Upaid's infringement claims, including any reserve allocated by You to cover potential damages to Upaid.

**REQUEST NO. 21:**

All Communications or Documents relating to the Mambakkam Declaration.

**REQUEST NO. 22:**

All Communications or Documents relating to Your offer of employment to Mambakkam, including documents relating to the payment and/or reimbursement of his expenses relating to his move to India.

**REQUEST NO. 23:**

All Communications or Documents relating to the Govind Declaration.

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**#  152208    —  MB**

**June 24, 2008
10:30:57**

**Civ Fil Non-Pris**
USAO #.: 08CV1121 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC69708

**Total—>  $350.00**

FROM: UPAID SYSTEMS LTD, VS
        SATYAM COPMUTER SERVICES LTD

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Upaid Systems, Ltd | 08 JUN 24 AM 10: 30 |
| A British Virgin Islands corporation | Satyam Computer Services, Ltd. |
| | An Indian corporation |

**(b)** County of Residence of First Listed Plaintiff _____ 
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____ 
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'08 CV 1 1 2 1 WQH RBB**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Patton Boggs LLP, 2001 Ross Avenue, Suite 3000, Dallas, Texas, 75201, 214-758-1500

Attorneys (If Known)

Akin Gump Strauss Hauer & Feld LLP, c/o Veritext, 402 West Broadway, Suite 1910, San Diego, CA 92010

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 35 USC 271

Brief description of cause: Suit regarding enforceability of Patent

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  23 June 2008

SIGNATURE OF ATTORNEY OF RECORD  JT Gilbert /swr

---

**FOR OFFICE USE ONLY**

RECEIPT # 152208   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TB 06/24/08